VICTORIA CABALLERO DE JULIÁ, demandante y recurrida, *v.* BANCO DE SAN JUAN, demandado y recurrente.

*Número:* 392 *Resuelto:* 20 de febrero de 1963

*McConnell, Valdés & Kelly* y *Wallace González Oliver,* abogados del recurrente; *Alberto Picó Santiago* y *Francisco A. Rosa Silva,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Victoria Caballero y Angiolina M. Juliá abrieron una cuenta corriente en el Banco de San Juan. Cualquiera de las dos podía girar contra la cuenta. La señora Caballero expidió un primer cheque "Cash", por la suma de $37.50 y lo entregó a su yerno. Luego expidió uno por $9.17 a favor de la Puerto Rico Telephone Co. y otro por $6.50 a favor de la Autoridad de las Fuentes Fluviales. Ninguno de estos cheques fue honrado por el banco.

El primer cheque que recibió devuelto la demandante fue el expedido a favor de la compañía telefónica. La carta con que se acompañó le informaba que el cheque había sido devuelto por el banco y que le agradecerían "investigue sobre el particular y nos remese la cantidad de $9.17 balance pendiente en la estimada cuenta de su teléfono 28961, dentro de los próximos cinco días, por lo que le anticipamos las gracias . . ." El cheque que expidió a favor de la Autoridad de las Fuentes Fluviales, le fue devuelto a través de un empleado y la señora Caballero hizo el pago en efectivo. Luego recibió una llamada de su yerno informándole del tercer cheque.

La señora Caballero demandó al Banco de San Juan. Alegó que fue negligente y que "[l] a referida negligencia del banco demandado ocasionó que la demandante tuviera que hacer efectivo dichos cheques de otros fondos suyos, al haber sido requerido para ello por las personas y entidades a quienes se les habían librado. Por tal motivo, la demandante sufrió humillaciones, sufrimientos y quebrantos y se expuso al menosprecio y pérdida de su crédito y reputación en la comunidad, daños que estima ascienden a la suma de Cinco Mil Dólares ($5,000.00)".

El Banco interpuso como defensa el que la demandante al abrir la cuenta corriente había firmado un convenio de exoneración que lee así:

"El depositante, en consideración a que el Banco ha de operar esta cuenta libre de cargos por servicios, renuncia a cualquier acción judicial, que tenga o que pudiera tener en el futuro por motivo de cualquier error, inadvertencia u omisión en que incurra el Banco, en el manejo de la cuenta objeto de este contrato."

El tribunal de instancia al fallar concluyó que el convenio invocado era nulo. Dictó sentencia condenando al Banco de San Juan a pagar a la demandante mil dólares.

El Banco no impugna la cuantía concedida. Para sostener su recurso descansa en el convenio de exoneración que alega firmó la demandante.

■ Examinado el documento donde aparece el alegado convenio, en forma alguna puede considerarse como un contrato. Es una tarjeta de identificación para registrar la firma de la persona que abre la cuenta. Aparece en la parte de arriba del documento en letras grandes "TARJETA DE IDENTIFICACIÓN" y al lado "CUENTAS CORRIENTES" y debajo en letras un poco más grandes "BANCO DE SAN JUAN". Un poco más abajo es que aparece el alegado convenio en letras pequeñas y debajo de éste la línea donde se registrará el nombre de la cuenta y la dirección, así como las firmas autorizadas para girar contra la cuenta.

El documento no es otra cosa que una tarjeta de identificación. El abogado del demandado en un memorandum radicado en el tribunal sentenciador así lo denomina. No puede considerarse como un convenio. Cualquier persona que al abrir una cuenta bancaria se le presente una tarjeta como la aquí envuelta para registrar la firma, la registra sin estar consciente de que la misma contiene un convenio de exoneración. No puede sostenerse que ha habido un concurso de voluntades.

No existiendo convenio alguno entre las partes, no podemos considerar si el mismo es contrario al interés público. Y como el demandado no honró los cheques a pesar de que la demandante tenía una cuenta con fondos suficientes incurrió en responsabilidad. *Maymí* v. *Banco Popular*, 63 D.P.R. 536 (1944).

*Se confirmará la sentencia recurrida.*